**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 11, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: April 11, 2008**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-14804 |
| | ) | |
| DENNIS R. BANKS, and | ) | Chapter 11 |
| ELAINE W. BANKS, | ) | |
|    Debtors. | ) | Judge Arthur I. Harris |

ORDER[1]

On January 31, 2008, the debtor Elaine Banks filed an objection to the United States' proof of claim, asserting that the secured portion of the United States' claim should be disallowed to the extent that it includes tax penalties. Because the United States' claim was already the subject of a prior objection and adversary proceeding, *see* Docket #31 and Adv. Proc. #05-1266, the debtor's most recent objection should more properly be treated as a motion for reconsideration under 11 U.S.C. § 502(j) and Bankruptcy Rule 3008. Under prior orders, this

---

[1] This order is not intended for official publication.

Court held that the United States has a secured claim that is secured in fact by property of the debtors' estate in the amount of $71,000, plus whatever equity exists in the debtors' residence, and may be further secured by property that is not property of the debtors' estate – *i.e.*, Elaine Banks's pension benefits. *See* Adv. Proc. #05-1266, Docket ## 96 and 136; *see also In re Snyder*, 343 F.3d 1171 (9th Cir. 2003) (IRS liens against debtor's pension continue to exist, but outside of bankruptcy, because pension is not property of bankruptcy estate).

The parties are in agreement that the debtors have been discharged of any personal liability for tax penalties for 1999 and 2000. Where the parties disagree is whether the penalty portion of the United States' tax liens can be disallowed in a Chapter 11 case simply because the penalties are not the result of a pecuniary loss. The short answer is that, in a Chapter 11 case, a secured claim for tax penalties cannot be subordinated simply because it is for tax penalties or because the penalties are not the result of a pecuniary loss.

Unlike the situation in Chapter 7, *see* 11 U.S.C. § 724(a), there is no statutory basis for subordinating tax penalties in Chapter 11. *See In re Marfin Ready Mix Corp.*, 220 B.R. 148, 153 (Bankr. E.D.N.Y. 1998) (unlike situation in Chapter 7, liens securing tax penalties imposed by IRS are not avoidable in Chapter 11); s*ee also In re Brentwood Outpatient, Ltd.*, 43 F.3d 256, 262-63 (6th

2

Cir. 1994) (noting difference between treatment of liens for penalties under Chapter 7 and Chapter 11, while ruling that section 506(b) does not permit holder of oversecured tax liens to recover penalties that accrued postpetition). Furthermore, in *United States v. Noland*, 517 U.S. 535 (1996), the Supreme Court unanimously reversed the Sixth Circuit and held that a bankruptcy court cannot equitably subordinate tax penalties simply because of their status as tax penalties. To the extent that case law prior to *Noland* may have allowed categorical subordination of tax penalties in Chapter 11 cases, *see*, *e.g.*, *In re Mako, Inc.*, 135 B.R. 902 (Bankr. E.D. Okla. 1991), and similar cases cited by the debtor, such case law must yield to the Supreme Court's decision in *Noland*.

Accordingly, the debtor's objection (Docket #215) to the penalty portion of the United States' secured claim is overruled.

IT IS SO ORDERED.